IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARED MORRIS NICHOLSON,

        Plaintiff,

v.                                                                No. 16cv1244 MV/SCY

KENT BLACK,
JEREMY R. JONES,
BRIAN PARRISH, and
SOMMER, UDALL, SUTIN, HARDWICK and HYATT, PA,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed November 14, 2016 ("Application"), and on his Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 1, filed November 14, 2016 ("Complaint").  For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his average monthly income during the past 12 months was $2,000.00; (ii) his and his spouse's combined monthly income expected next month is $300.00; (iii) his and his spouse's combined monthly expenses are $1,380.00; (iv) he has $207.00 in bank accounts; and (v) his only assets are two vehicles with a combined value of $4,000.00. Because his monthly expenses exceed his expected monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Jurisdiction**

Plaintiff filed his Complaint using the form "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)." Plaintiff, who resides in New Mexico, alleges that Defendant Black, who resides in California, is Plaintiff's landlord and that Defendant

Black breached the lease agreement and failed to disclose that the leased property contains lead-based paint. Defendants Jeremy R. Jones, Brian Parrish and Sommer, Udall, Sutin, Hardwick and Hyatt, P.A. ("Sommer Law Firm"), who represent Defendant Black in his attempt to terminate the lease, reside in New Mexico. Plaintiff alleges Defendant Black breached the lease agreement because he: (i) failed to provide disclosures required under federal law; (ii) did not provide for the upkeep of the property; (iii) did not make need repairs; (iv) did not adjust the rent to the market value; and (v) failed to give Plaintiff notice of changes to the lease agreement.

The Court does not have diversity jurisdiction over this action. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000. Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). There is not complete diversity n this case because Plaintiff and Defendants Jones, Parrish and Sommer Law Firm are residents of New Mexico.

The Court also does not have federal question jurisdiction because the only claim is breach of contract; there are no allegations that this action arises under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States"). "A case 'arises under' federal law under two circumstances: 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Gilmore v. Weatherford,* 694 F.3d 1160, 1170 (10th Cir.2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690,

126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).  Although Plaintiff alleges that Defendant Black breached the contract in part because Black "failed to provide disclosures required under federal law,"  and calculates a portion of his damages based on "the EPA's 1984 policy on civil penalties," federal law does not create the breach of contract cause of action and resolution of the breach of contract claim will not depend on resolution of a substantial question of federal law.  Complaint at 4.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Plaintiff may file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which includes a short and plaint statement of the grounds for the Court's jurisdiction.

4

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed November 14, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 1, filed November 14, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**